(No. 81-CC-1301— )

SENN PARK MANAGEMENT ASSOCIATES, d/b/a Senn Park Nursing Center, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 30, 1990.*

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, for Claimant.

NEIL F. HARTIGAN, Attorney General (RALANDA WEBB, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This cause comes on for hearing upon the motion to dismiss the amended complaint filed herein by the Respondent. The original claim was filed herein on December 31, 1980. That claim requested reimbursement of $150,640 against the Department of Public Aid.

The gist of the complaint was that the Department, under 42 U.S.C., section 1396, commonly known as section 249, had failed to properly compute the reimbursement rate for the Claimant. The claim alleged that the control of the nursing home facility in question had changed hands in 1975 as a result of a lawsuit between the Claimant and another party which had operated the facility for some time, called herein "Midstates." As a result of that lawsuit between Midstates, the Claimant, and the lessor of the nursing facility, the circuit court of Cook County ultimately ruled that a new lease was in effect as of July 1, 1975. The Department of Public Aid refused to acknowledge that date for an increased cost basis, and used instead the original acquisition date by the Claimant in 1971. This resulted in an alleged loss of $150,640.

In January 1986, the Claimant amended its claim to state a cause of action in contract for the discrepancy in reimbursement rates. In addition, the amended claim contained allegations of failure to pay, failure to be reimbursed for increased rent payments, and failure to reimburse for real estate taxes. The Respondent has filed a motion to dismiss the amended complaint based on several grounds, including the statute of limitations, *res judicata*, and a bar of this suit by a prior Federal court settlement. For the reasons stated below, we agree and hereby dismiss this claim:

First, we agree that the amended complaint should be dismissed because of the statute of limitations. The statute of limitations as it applies to the Department of Public Aid bans recovery on the issue of the 1971 versus 1975 cost differential and on the claim for $3,000-per-month rent payments, as these issues were not brought before the Court of Claims within one year of their

denial by the Department. The $3,000-per-month payment issue was new material in the amended complaint and did not relate back to the original complaint. Although there was some mention of taxes in the original complaint, the original claim was statutory, and the amended claim converts the cause of action to one of contract. Therefore, I believe that the claim for taxes does not relate back to the original claim.

In addition, there was a former lawsuit in the circuit court of Cook County entitled *DLA Senn Park v. Coler*, No. 85-CH-1722. Although the Claimant makes a strong argument that the Claimant in that lawsuit is not the Claimant in this claim, it is clear that the relief requested here concerning real estate taxes of the facility in question has already been granted in that lawsuit. Regardless of the identity or nonidentity of the Claimants, there can only be one recovery for the failure of the State to pay the increased real estate taxes on this facility.

In addition, it appears that the claim for $3,000 per month additional repayment because of the alleged $3,000 in additional monthly rent was denied in that case. Therefore, the issue has been previously litigated by a circuit court with jurisdiction over the parties, and this Court lacks jurisdiction to consider that part of the claim which alleges the State underpaid the Claimant by $3,000 a month. The whole basis for the allegations as to the $3,000-a-month underpayment was because of still another Cook County Circuit Court decision. The Respondent was not a party to either of the circuit court cases, but we therefore address the remaining allegations concerning a contract basis for recovery of the alleged underpayment. While the original claim alleged that the State had underpaid the Claimant because of a

failure to institute a plan which would comply with section 249, as amended, the amended complaint attempts to state a cause of action in contract. In the intervening time period, a class action suit, *Country Manor Nursing Home v. Miller*, No. 80-C-2492, was filed in United States District Court for the Northern District of Illinois, Eastern Division. The class was certified, and it is undisputed that this Claimant was a member of that class. As such, it is also undisputed that it was bound by the decision rendered therein. The clear wording of the judgment order in the *Country Manor* lawsuit precludes further consideration of this claim.

However, even if the *Country Manor* settlement order did not preclude consideration of this claim, we would deny it as being in violation of the statute of limitations. The amended complaint allegations based on a contract theory do not relate back to the original complaint because they are distinct and separate causes of action. They are therefore barred.

Wherefore, for all the foregoing reasons, we hereby grant the Respondent's motion to dismiss, with prejudice.